[Civ. No. 55959. Second Dist., Div. Four. Feb. 27, 1980.]

CARL J. VAN STEINBURG et al., Plaintiffs and Appellants, v. PACIFIC SOUTHWEST AIRLINES et al., Defendants and Respondents.

**COUNSEL**

Plotin & Stovack, Richard Plotin and Ernest Stovack for Plaintiffs and Appellants.

Kern. & Wooley, William V. O'Connor and Alan J. Freisleben for Defendants and Respondents.

**OPINION**

**KINGSLEY, J.—** ██ Plaintiffs appeal from a summary judgment in an action for loss of baggage checked on defendant airlines. We affirm the judgment.

Plaintiff Fink, an employee of plaintiff Van Steinburg, purchased a ticket on a flight of defendant airline from Oakland to Hollywood-Burbank airport. He checked, as regular baggage, sample cases belonging to his employer that contained expensive jewelry. On arrival, the sample cases were not delivered and Fink was told that, through some error, they had been flown to Los Angeles airport. On checking at the latter airport, one of the sample cases was missing and has never been found. Plaintiffs sued for the value of the jewelry, and for damages resulting from plaintiff's inability to use the contents of that case at a show in Dallas to which Fink had intended to go. The defense, raised on a motion for summary judgment, was that defendants' liability was limited, by an applicable tariff provision, to $500 for the missing case. The trial court accepted that defense and entered a judgment limiting recovery to $500. We affirm.

It is admitted that plaintiff Fink was aware of the tariff provision and of the availability to him of additional protection if he disclosed the high value and paid an additional fee for that additional protection and that he deliberately did not disclose the high value or seek the additional protection. Plaintiffs here rely on *Muelder* v. *Western Greyhound Lines* (1970) 8 Cal.App.3d 319 [87 Cal.Rptr. 297]. However, as the court in that case elaborately spelled out, not only was there gross negligence on the part of the carrier, but the shipper was a member of the general public, admittedly unaware of, and not told of, either the tariff limitation or the availability of additional protection. The opinion expressly distinguishes cases, such as this, where the owner was an experienced businessman, well aware of both the tariff and the availability of additional protection. *Muelder* is here of no assistance to plaintiffs.

It follows that *Hischemoeller* v. *Nat. Ice & Cold Storage Co.* (1956) 46 Cal.2d 318 [294 P.2d 433], is the governing authority. In fact, that case held that, where the owner was an experienced businessman, a similar tariff restriction was binding on him even in the absence of proof of actual knowledge by him of the limitation.

The judgment is affirmed.

Files, P. J., and Burke (M. L.), J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.